United States District Court
Southern District of Texas

**ENTERED**

April 10, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS SOLIZ, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00107 |
| | § | |
| NUECES COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 16). The M&R recommends that the Court:

(1) Dismiss Plaintiff's federal claims with prejudice;

(2) Dismiss Plaintiff's state law claims without prejudice;

(3) Deny Plaintiff leave to amend his complaint.

(D.E. 16, p. 77). Plaintiff filed written objections to the M&R. (D.E. 19).[1] Also before the Court is Plaintiff's motion for leave to amend. (D.E. 20). For reasons below, the Court **ADOPTS** the M&R, (D.E. 16), and **DENIES** Plaintiff's motion for leave to amend, (D.E. 20).

### I. Law

#### A. M&R

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified

---

[1] Plaintiff's objections were due March 1, 2024. (D.E. 18). Although they were not filed in the Court's docketing system until March 6, 2024, *see* (D.E. 19), a document is deemed timely filed by a pro se inmate when it is delivered to prison authorities for mailing, postage pre-paid, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Plaintiff's objections contain an unsworn declaration indicating that the objections were prepared February 29, 2024. *See* (D.E. 19, p. 30). Although there is no statement that Plaintiff placed them in the mail on February 29, 2024, the Court will consider Plaintiff's objections timely filed.

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### B. Leave to Amend

When a party requests leave to amend its pleadings, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Leave to amend is in no way automatic, but the district court must possess a substantial reason to deny a party's request for leave to amend." *See Marucci Sports, L.L.C. v. Nat'l Coll. Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal quotations omitted). In determining whether to grant leave to amend, the court may consider equitable factors, including "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." *Torch Liquidating Trust ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (quoting *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2005)). A court may deny leave to amend if any of the factors are present, *see, e.g.*, *Jacobsen v. Osborne*, v, 320 (5th Cir. 1998) (considering only "futility" although the district court considered a different factor), but "[a]bsent such factors, the [c]ourt should freely grant the requested leave." *Chapa v. Am. Airlines Grp., Inc.*, No. 7:22-CV-00071, 2022 WL 4553186, at *1 (S.D. Tex. Sept. 29, 2022) (Alvarez, J.) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## II. Objections to the M&R

### A. General Objections

Plaintiff lodges several general objections to the M&R "for the record," *see* (D.E. 19, p. 1),

but acknowledges such objections are not sufficient—a party must object to the magistrate's finding or recommendation with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Martinez v. Torok*, No. 2:21-CV-113, 2022 LEXIS 133239, at *2 (S.D. Tex. July 27, 2022) (Tipton, J.) (quoting *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008)) (cleaned up). As such, Plaintiff's general objections are **OVERRULED.**

### B. Deliberate Indifference Objection

Plaintiff objects to the M&R's conclusion that his deliberate indifference claim is not plausible. (D.E. 19, p. 5). He also appears to object to the M&R's characterization of his claims that "Plaintiff broadly alleges that the defendants were deliberate[ly] indifferent to Plaintiff's serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution while Plaintiff was confined at the Nueces County jail as a pretrial detainee." *Id.* (quoting D.E. 16, p. 1). Plaintiff states several times, in conclusory fashion, that he states plausible claims with sufficient specificity. *See* (D.E. 19, p. 5). This objection is insufficient—conclusory objections that fail to assert with any specificity a particular analytical defect in the M&R must be overruled. *See Perez v. Stephens*, 2016 WL 722466, at *1 (S.D. Tex. Feb. 14, 2016) (Ramos, J.); *see also* FED. R. CIV. P. 72(b)(2) (requiring "specific" objections to the magistrate judge's recommendation). As such, Plaintiff's objection to the M&R's characterization of his deliberate indifference claims is **OVERRULED.**

### C. Objections as to Dr. Cano

Plaintiff lodges many objections to the M&R's finding related to his claims against Dr. Cano. (D.E. 19, p. 6–24). Plaintiff begins by listing ten objections. *See id.* at 6–7. He then expands on the objections in the following pages. *See id.* at 7–24. The Court will address each objection, to the extent they can be differentiated.

*i. Objection 1*

Plaintiff objects to the M&R's conclusion that he failed to plausibly allege Dr. Cano's deliberate indifference. *Id.* at 6 (citing D.E. 16, p. 50). Plaintiff does not expand on Objection #1 as he does the other nine objections—rather, he relies on the single-sentence objection. As such, this objection is **OVERRULED** as conclusory.

*ii. Objection 2*

Plaintiff objects to the M&R's statement that "Plaintiff's own allegations reflect that Dr. Cano oversaw Plaintiff's care, examined him, and prescribed him medication over the course of Plaintiff's confinement in Nueces County Jail." *Id.* (citing D.E. 16, p. 50 (cleaned up)). Plaintiff expands on this objection—which appears to contain sub-objections—on pages eight through twenty. *See* (D.E. 19, p. 8–20).

Plaintiff begins by arguing that the M&R mischaracterizes the claims he pleads against Dr. Caro. *Id.* at 8. Plaintiff argues that he did not plead claims for issues concerning tooth extraction or dental conditions. *Id.* The M&R addressed these allegations in the context of his deliberate indifference claims—it did not construe independent causes of action arising from these allegations. *See* (D.E. 16, p. 51–53). As such, this objection is **OVERRULED.**

Next, Plaintiff argues that the M&R failed to address his claims for "conspiracy to violate constitutional rights" and "conspiracy to refuse medical treatment knowing Plaintiff had serious medical needs." This is incorrect—the M&R recognizes that Plaintiff brings a claim against Armor employees in their individual capacities, including Dr. Cano, for conspiracy to violate Plaintiff's constitutional rights. *See* (D.E. 16, p. 14, 48–53). Indeed, as the M&R states, a conspiracy claim requires allegations of "an agreement" to violate rights, *id.* at 54, and Plaintiff fails to so allege. As such, this objection is **OVERRULED.**

Next, Plaintiff argues that the M&R fails to address his claims arising under *Adickes v. Kress*, 398 U.S. 144 (1970). (D.E. 19, p. 9). As an initial matter, Plaintiff does not appear to cite *Adickes* in his complaint. *See* (D.E. 1). *Adickes* provides the pleading standard for claims arising under 42 U.S.C. § 1983. *See* 398 U.S. at 149; *Bishop v. J.O. Wyatt Pharm*, No. 2:15-CV-0033, 2015 WL 4997890, at *6 (N.D. Tex. Aug. 21, 2015) (Robinson, J.). It does not provide an "alternative pleading standard" as Plaintiff claims, and to the extent that he argues he alleges claims arising under § 1983, including conspiracy to deprive medical care, the M&R addresses those claims. *See* (D.E. 16, p. 14, 48–53). As such, this objection is **OVERRULED.**

Next, Plaintiff appears to object to the M&R's finding that he fails to plausibly allege Dr. Cano's deliberate indifference. *See* (D.E. 19, p. 9–12). Plaintiff then recounts facts contained in his answer to the Court's questionnaires. *See* (D.E. 13, p. 29–41). While Plaintiff argues in his objections that Dr. Cano and the nursing staff refused his requests for medical care and medications, *see* (D.E. 19, p. 11), he acknowledges in his response to the Court's questionnaire that: (1) he received medication (albeit, improper medication), *see* (D.E. 13, p. 39), (2) the nursing staff monitored his condition, *see* (D.E. 13, p. 31, 35), and (3) Dr. Cano treated him, *see* (D.E. 13, p. 31). Indeed, in his objection to the M&R, Plaintiff indicates that he had several office visits with Dr. Cano, and that Dr. Cano provided care during those visits, including ordering lab work which was performed that same day. *See* (D.E. 19, p. 16–17). Plaintiff argues that he was in a critical state during these visits, and that Dr. Cano was deliberately indifferent by not transferring him to an emergency medical facility. *See* (D.E. 19, p. 16). But Plaintiff acknowledges that during his next office visit, Dr. Cano informed him that his transfer to a hospital was approved. *See id.* During a later visit, post-hospitalization, Dr. Cano allegedly informed Plaintiff that transfers to outside hospitals are only approved when they involve a dire emergency involving life or death or

incapacitation. *Id.* at 17.

While Plaintiff may not agree with the medical decisions made by Dr. Cano and the nursing staff, such disagreement does not rise to the level of a constitutional violation—particularly where Plaintiff acknowledges that Dr. Cano and the medical staff treated his illness. "A showing of deliberate indifference requires the inmate to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson v. Tex. Dep't of Crim. Justice*, 91 F. App'x. 963, 965 (5th Cir. 2004) (per curiam) (cleaned up). And nothing in Plaintiff's objections would lead this Court to reach a different conclusion than the M&R—that it is not the role of the Court to second-guess Dr. Cano's treatment simply because Plaintiff is dissatisfied with his care. *See* (D.E. 16, p. 51). As such, this objection is **OVERRULED.**

### iii. Objections 3–5, 7, 9–10

Plaintiff lumps objections three, four, five, seven, nine, and ten together. (D.E. 19, p. 20). These objections are largely nonspecific—Plaintiff incorporates by reference his objection number two and states in conclusory fashion that "Dr. Cano was clearly 'aware' of the 'facts from which the inference could be drawn that a substantial risk of serious harm existed' but 'disregarded that risk,' or he 'failed to take reasonable measures to abate it.'" *Id.* (citation omitted). Plaintiff provides no argument unique to these objections. As such, for the same reasons as objection two, these objections are **OVERRULED.**

### iv. Objections 6, 8

Plaintiff re-asserts his objection that the M&R misconstrued his claims against Dr. Cano in referring to the "tooth extraction" and "dental conditions." (D.E. 19, p. 20–21). As explained

above, the M&R does not construe Plaintiff's complaint as asserting separate causes of action related to tooth extraction and dental conditions; rather, the M&R addresses the incidents as part of Plaintiff's deliberate indifference claims. *See* (D.E. 16, p. 50–52). While Plaintiff clarifies that he mentioned the dental care incidents to show a pattern and practice of Dr. Cano refusing to provide adequate medical care, *see* (D.E. 19, p. 21), the M&R did not construe any independent claims related to dental care. *See* (D.E. 16, p. 50–52). As such, this objection is **OVERRULED as moot.**

> *v. Objection 5*

Plaintiff re-asserts objection five, arguing that the M&R's conclusion that "Plaintiff's allegations and submissions reflect that Dr. Cano examined Plaintiff," prescribed him medication, and made medical judgments in the scope of caring for Plaintiff over the course of Plaintiff's confinement in the Nueces County Jail is incorrect. (D.E. 19, p. 23 (referencing D.E. 16, p. 50–51) (cleaned up)). Nonetheless, Plaintiff's argument only bolsters the M&R's finding. Plaintiff states that he suffered from pneumonia beginning in November 2020 but it was not diagnosed until July 2021, when Dr. Cano read X-Rays taken in June 2021. *Id.* at 23. Plaintiff also alleges that Dr. Cano ordered subsequent X-Rays and an MRI to confirm the diagnosis. *See id.* These allegations show, again, that Dr. Cano was actively involved in treating Plaintiff—Dr. Cano interpreted prior X-Rays, ordered additional diagnostic testing, and communicated the results of those tests to Plaintiff. Yet, Plaintiff argues that Dr. Cano "refused, denied, or ignored" medical treatment for pneumonia. *Id.* at 24. This conclusory allegation is inconsistent with Plaintiff's other factual allegations. As such, this objection is **OVERRULED.**

Regarding Plaintiff's belief that he was afflicted by an E. coli infection in May of 2021, (D.E. 19, p. 23), Plaintiff's allegations again show why his deliberate indifference claim fails. First,

Plaintiff notes that his E. coli treatment consisted of "the most powerful/effective antibiotic medication" to help Plaintiff's symptoms. (D.E. 13, p. 45). Second, Plaintiff notes he was administered his medications through IV daily and nightly, *id.* Thus, Plaintiff received consistent care and his deliberate indifference claim must fail. As such, this objection is **OVERRULED.**

### D. Objections as to Armor, Nueces County, and Sheriff Hooper

Plaintiff appears to assert two objections to the M&R's findings related to Plaintiff's claims against Armor Correctional Healthcare Services ("Armor"), Nueces County, Texas, and Nueces County Sheriff John Hooper ("Sheriff Hooper"). *See* (D.E. 19, p. 25–30). First, Plaintiff objects to the M&R's finding that he fails to state claims for municipal liability, specifically as it relates to the "cost containment policy," vicarious liability, and Sheriff Hooper. *See id.* at 25–26. Second, he objects to the M&R's finding related to his conditions-of-confinement claims. *Id.* The Court will address each objection.

#### i. Objection as to Municipal Liability

Plaintiff objects to the M&R's finding that he failed to state a claim for municipal liability against Nueces County and Armor. *Id.* at 25. Specifically, Plaintiff objects to the M&R's findings regarding the "cost containment policy," the "medical segregation policy," the "transport van" policy, vicarious liability, and Sherriff Hooper. *See id.* However, Plaintiff only specifically addresses the "cost containment" policy. As such, his objections as to vicarious liability, medical segregation policy, the transport van, and Sherriff Hooper are **OVERRULED** as conclusory.

As to the "cost containment" policy, Plaintiff argues that he learned from Dr. Cano that Armor had a policy of only approving transfers to outside hospitals in cases involving a "very serious medical need" or an "emergency involving life or near death." *Id.* at 27. Plaintiff argues that he suffered excruciating pain yet was denied transfer to an outside hospital because of the cost

containment policy. *See id.* However, as the M&R noted, Plaintiff does not argue that either Dr. Cano or a member of the nursing staff made a medical determination that transfer was necessary at that time. *See id.*; (D.E. 16, p. 26). Further, as discussed above, Plaintiff does not establish that an underlying constitutional violation occurred; therefore, his municipal liability claim fails. *See Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013); *Kent v. Collin County, Texas*, No. 4:21-CV-412, 2022 WL 949963, at *5 (E.D. Tex. Mar. 29, 2022) (Jordan, J.). As such, this objection is **OVERRULED.**

*ii. Objection as to Conditions of Confinement*

Finally, Plaintiff argues that the M&R failed to address his conditions of confinement claims, including: (1) no running hot water in the medical segregation unit; (2) the cold temperatures in cell; (3) the filthy conditions of the toilet; (4) the dysfunction of the emergency red call button; and (5) conditions of food tray meals. (D.E. 19, p. 29). The M&R however, recounts Plaintiff's allegations as to the conditions of his confinement. *See* (D.E. 16, p. 8) (recounting Plaintiff's allegation regarding no hot water); *id.* at 27 (discussing the red call button); *id.* at 8 (recounting Plaintiff's allegations regarding the toilet); *id.* (recounting Plaintiff's allegations regarding the food tray). And the M&R finds that Plaintiff does not state a conditions of confinement claim. *See id.* at 44. Even assuming that the M&R did not address this claim on its merits, the Court would still overrule Plaintiff's objection because none of the conditions that Plaintiff describes rises to the level of a constitutional violation.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004). Prison officials must provide inmates with "adequate food, clothing, shelter, and medical care, and must take reasonable measure to ensure the safety of the inmates." *Id.* "To succeed on a conditions-of-confinement

claim, prisoners must show there was an extreme deprivation of one or more of the minimal civilized measures of life's necessities." *Dockery v. Hall*, 443 F. Supp. 3d 726, 748 (S.D. Miss. 2019) (Barbour, Jr., J.). And while some conditions of confinement may not rise to the level of a constitutional violation alone, they may, considered together, "have a mutually enforcing effect" resulting in a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Tilmon v. Chairman*, 3:21-cv-4037, 2023 WL 5030677, at *13 (W.D. La. July 17, 2023) (McClusky, Mag. J.), *adopted*, 3:21-cv-4037, 2023 WL 5030092, at *1 (W.D. La. Aug. 7, 2023) (Doughty, J.).

Here, the conditions that Plaintiff alleges are not violative of the Constitution either individually or considered together. Plaintiff alleges that he was exposed to the conditions at issue during a twelve-day period when he was confined in the medical segregation unit. *See* (D.E. 13, p. 35) (alleging that Plaintiff was confined in 3R-10 cell in the medical segregation until from May 13, 2021 until May 25, 2021); (D.E. 19, p. 29). First, Plaintiff alleges that the in-cell shower had no hot water. *Id.* at 37. Presumed true, this condition is not an "extreme deprivation" required to make out a conditions-of-confinement claim. *See Johnson v. Kemp*, No. 2:10-CV-100, 2012 WL 929865, at *3 (Jan. 30, 2012) (Virden, Mag. J.) (finding no constitutional violation where, among other conditions, plaintiff alleged showers had no hot water), *adopted*, No. 2:10-CV-100, 2012 WL 929538, at *1 (Mar. 19, 2012) (Biggers, Jr., J.); *Page v. Cox*, No. 3:12-CV-2511, 2013 WL 1193445, at *3 (W.D. La. Jan. 17, 2013) (finding that inmate's allegation that he was without hot water for a two-week period was an "inconvenience [that] did not amount to cruel and unusual punishment"); *adopted*, 3:12-CV-2511, 2013 WL 1193358, at *1 (Mar. 22, 2013) (James, J.). Second, Plaintiff alleges the air temperature in the medical segregation unit was "super cold" leaving him unable to shower or bathe, because the lack of hot water combined with the cold temperature would cause shaking episodes. (D.E. 13, p. 37; D.E. 19, p. 29). This condition also

does not violate the Constitution. *See Pierce v. Collier*, No. H-19-3194, 2020 WL 1333161, at *3 (Mar. 23, 2020) (Werlein, Jr., J.) (dismissing conditions-of-confinement claim where plaintiff complained his cell was too cold); *Johnson v. Tex. Bd. of Crim. Justice*, 281 F. App'x 319, 320 (5th Cir. 2008) (per curiam) (affirming dismissal of conditions-of-confinement claim where plaintiff alleged, *inter alia*, that he was subjected to low temperatures without adequate clothing or bedding). Third, Plaintiff alleges the toilet was "filthy" and "had dried urine all over the top area of the toilet seat." (D.E. 13, p. 37; D.E. 19, p. 29). This condition likewise does not rise to a violation of Plaintiff's constitutional rights. *See Lett v. La Salle Southwest Corrections*, No. 3:21-cv-2257, 2023 WL 7117188, at *5 (N.D. Tex. Sept. 7, 2023) (Rutherford, Mag. J.) (finding no constitutional violation where plaintiff alleged the shower, toilet, and living area were not cleaned), *adopted*, No. 3:21-cv-2257, 2023 WL 7115583, at *1 (N.D. Tex. Oct. 26, 2023) (Scholer, J.). Fourth, Plaintiff argues the "emergency red call button" was dysfunctional. (D.E. 19, p. 29). He acknowledges, however, that when he pressed the button, prison staff responded and routed the call to the medical staff. (D.E. 13, p. 37). As such, this condition does not violate the Constitution. Fifth, Plaintiff alleges that his fellow inmate stole his meal trays. (D.E. 13, p. 37; D.E. 19, p. 29). The Court finds this allegation is conclusory, and Plaintiff does not provide any other facts that support an objective finding that this condition qualifies as an "extreme deprivation," particularly where Plaintiff states that he was unable to eat due to a medical condition, *see* (D.E. 13, p. 36–37). *See Barrow v. Tex. Dep't of Corrections*, 271 F. App'x 449, 450 (5th Cir. 2008) (finding no constitutional violation where plaintiff did not allege any physical injury suffered from contaminated food trays).

Finally, even considering these conditions in the aggregate, Plaintiff fails to state a conditions-of-confinement claim. While the conditions Plaintiff alleges are unsanitary and

uncomfortable, the Court notes that Plaintiff was exposed to them for only twelve days. Further, "they do not have the mutually enforcing effect of depriving [Plaintiff] of food, warmth, or exercise." *Tilmon*, 2023 WL 5030677, at *13; *c.f. Gates*, 376 F.3d at 338 (finding mutually enforcing conditions where plaintiff alleged extremely filthy cells with crusted fecal matter, urine, peeling and chipping paint, dried ejaculate, and food particles on the walls). As such, Plaintiff fails to state a conditions-of-confinement claim, and his objection is **OVERRULED.**

### III. Leave to Amend

In his written objections, Plaintiff requests leave to amend his complaint to cure any defects in his pleadings and clarify his claims with additional factual content. (D.E. 19, p. 30). Plaintiff has also filed a motion for leave to amend, (D.E. 20), which is pending before the Court. Plaintiff acknowledges that he responded to the Court's questionnaires but "has not been provided a fair opportunity to sufficiently present facts in support" of his claims. (D.E. 20, p. 2). This Court disagrees. Plaintiff filed a seventeen-page complaint, (D.E. 1), a thirty-seven-page response to the Court's questionnaire along with voluminous exhibits, (D.E. 13), an additional twenty-eight-page supplement, and a thirty-page objection to the M&R, (D.E. 19). As such, the Court has provided Plaintiff ample opportunity to plead his best case. After careful consideration of each of Plaintiff's filings, the Court finds that amendment would be futile and cause unnecessary delay. As such, the Court denies leave to amend. *See Clark v. Waddell*, No. 7:22-CV-59-M-BP, 2023 WL 8605313, at *18 (N.D. Tex. Nov. 15, 2023) (Ray, Jr., Mag. J.), *adopted*, No. 7:22-CV-59-M-BP, 2023 WL 8606778 (N.D. Tex. Dec. 12, 2023) (Lynn, J.); *Mejia v. Monroe*, No. H-18-3036, 2021 WL 765726, at *2 (S.D. Tex. Feb. 26, 2021) (Miller, J.) (denying amendment without providing plaintiff the opportunity to amend where plaintiff had pled his best case).

## IV. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 19), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 16). Accordingly:

(1) Plaintiff's federal claims are **DISMISSED with prejudice.**

(2) Plaintiff's state law claims are **DISMISSED without prejudice.**

(3) Plaintiff's motion for leave to amend, (D.E. 20), is **DENIED.**

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
April ___, 2024