United States District Court
Southern District of Texas
**ENTERED**
December 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS SOLIZ, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00107 |
| | § | |
| NUECES COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 33). The M&R recommends that the Court deny Plaintiff's application to proceed *in forma pauperis* on appeal. (D.E. 33, p. 1). The M&R reasons that because Plaintiff failed to articulate a nonfrivolous issue for appeal, his appeal would not be taken in good faith. *Id.* at 6. Plaintiff filed written objections to the M&R. (D.E. 38).[1] For reasons below, the Court **ADOPTS** the M&R, (D.E. 33), and **DENIES** Plaintiff's application to proceed *in forma pauperis* ("IFP") on appeal, (D.E. 28).

**I. Law**

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual

[1] Plaintiff's objections were due August 13, 2024. (D.E. 37). Although they were not filed in the Court's docketing system until August 19, 2024, *see* (D.E. 38), a document is deemed timely filed by a pro se inmate when it is delivered to prison authorities for mailing, postage pre-paid, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Plaintiff's objections contain an unsworn declaration that Plaintiff placed his objections in the mail on August 12, 2024. (D.E. 38, p. 10). As such, Plaintiff's objections were timely filed.

findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915 govern requests to proceed IFP on appeal and. *Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-4082, 2022 WL 18911603, at *1 (S.D. Tex. Oct. 25, 2022) (Sheldon, M.J.). To proceed IFP, the prisoner must not only make the "proper economic showing," but must also demonstrate that the appeal is taken in good faith—that is, that a nonfrivolous issue exists for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam); *Baugh v. Taylor*, 117 F.3d 197, 201–02 (5th Cir. 1997). "An appeal is taken in good faith if it raises legal points that are arguable on their merits and thus nonfrivolous." *Lockett*, 2022 WL 18911603, at *1 (quoting *McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (per curiam)). By contrast, where the proposed issues for appeal lack arguable basis, the appeal is not taken in good faith. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam).

## II. Objections to the M&R

### A. General Objection

Plaintiff begins by generally objecting that the M&R erred by recommending denial of his application to proceed IFP, reasoning that he "believes that the present case and appeal issues have a possibility of succeeding on appeal." (D.E. 38, p. 1–2).[2] However, Plaintiff's belief about his claim's possibility of success on appeal is irrelevant because the good faith standard is objective. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Accordingly, the Court **OVERRULES** Plaintiff's general objection that the M&R

[2] Plaintiff does not set his opening section apart as a separate objection, *see* (D.E. 39, p. 1–2), but the Court liberally construes this section as an objection and addresses it as such.

erred by recommending denial of his application to proceed IFP.

**B. Failure to Properly Construe *Pro Se* Pleadings**

Plaintiff contends that the M&R failed to construe his *pro se* pleadings liberally. (D.E. 38, p. 2). However, the M&R stated Plaintiff's claims broadly and construed them liberally. *See* (D.E. 33, p. 3–5). So, the Court **OVERRULES** this objection.

**C. Deliberate Indifference**

Plaintiff objects to the M&R's conclusion that appeal of his deliberate indifference claim is implausible and, as such, not in good faith. (D.E. 38, p. 5). The M&R found that Plaintiff "failed to plausibly allege facts indicating that any defendant subjected him to a substantial risk of harm, subjectively knowing that Plaintiff faced such a substantial risk yet knowingly disregarding that risk." (D.E. 33, p. 8) (first citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); then citing *Valentine v. Collier*, 993 F.3d 270, 281 (5th Cir. 2021); and then citing *Cope v. Cogdill*, 3 F.4th 198, 206–07 (5th Cir. 2021)). Plaintiff argues that the "[t]he magistrate judge and district court have unreasonably applied the controlling deliberate indifference framework to" Plaintiff's pretrial detainee claims. (D.E. 38, p. 2). Specifically, Plaintiff argues that the Court "failed to infer the requisite knowledge from the fact that the risk of harm was obvious." *Id.* at 3 (internal quotation marks omitted) (collecting cases). But even if there were an obvious risk of harm to Plaintiff, this would not require an inference that Defendants knew about—and were deliberately indifferent to—such risk. *See Farmer*, 511 U.S. at 844 ("That a trier of fact may infer knowledge from the obvious, in other words, does not mean that it must do so.").

As discussed in this Court's previous order, (D.E. 23, p. 3–8), Plaintiff's disagreements with the medical decisions made by Dr. Cano and the nursing staff do not rise to the level of demonstrating deliberate indifference, which requires "evidence that prison officials refused to

treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson v. Tex. Dep't of Crim. Just.*, 91 F. App'x 963, 965 (5th Cir. 2004) (per curiam) (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)) (cleaned up). Accordingly, the Court **OVERRULES** Plaintiff's objection to the M&R's conclusion that appeal on his deliberate indifference claim is implausible and, as such, not in good faith.

**D. Conditions of Confinement**

Plaintiff objects to the M&R's conclusion that appeal of his conditions of confinement claim is implausible and, as such, not in good faith. (D.E. 38, p. 4). Plaintiff reasserts the same conditions of confinement previously considered in the Court's D.E. 23 Order. *Compare* (D.E. 38, p. 6) *with* (D.E. 23, p. 9–12). The Court has already addressed the merits of Plaintiff's conditions of confinement claim and found that "the conditions that Plaintiff alleges are not violative of the Constitution either individually or taken together." (D.E. 23, p. 10, 9–12). Plaintiff asserts that the Court "failed to take into consideration the fact that Plaintiff was unlawfully confined in medical segregation" and experienced shaking, vomiting, inability to eat, and other conditions. (D.E. 38, p. 6). The Court has considered Plaintiff's medical conditions. *See, e.g.*, (D.E. 23, p. 10) (considering Plaintiff's shaking episodes from lack of hot water and cold cell temperature); (D.E. 16, p. 58) (considering Plaintiff's nausea and vomiting in context of deliberate indifference claim). Even so, under the totality of the circumstances, Plaintiff's appeal of this ruling lacks arguable merit because caselaw indicates that the conditions of which he complained do not violate the Constitution. *See* (D.E. 23, p. 9–12) (collecting cases). As such, Plaintiff's objection to the M&R's recommendation as to Plaintiff's conditions of confinement claim is **OVERRULED.**

**E. Excessive Force**

Plaintiff objects to the M&R's conclusion that Plaintiff's appeal of his excessive force claim is not in good faith because it would not be arguably meritorious. (D.E. 38, p. 7–8). Plaintiff asserts that the Court "unreasonabl[y] applied the *Kingsley* factors to Plaintiff's excessive force claim . . . ." *Id.* at 7.[3] Specifically, Plaintiff argues that the Court's analysis failed to consider that Defendants refused to transport Plaintiff to an offsite medical facility, Plaintiff had entered critical condition, Plaintiff was not a threat to Deputy Matthew, and Defendants forced Plaintiff to travel to the hospital in a van rather than calling an ambulance. *Id.* at 7–8. Reviewing the *Kingsley* factors, the M&R indicated "that Plaintiff was actively resisting Deputy Matthew's orders, that he suffered a *de minimis* injury (if any at all) from the one-time use of force, and that the use of force was tempered . . . ." (D.E. 33, p. 10). Importantly, the M&R "accept[ed] all of Plaintiff's factual allegations as true[]" when assessing the *Kingsley* factors. *Id.* The additional facts Plaintiff raises do not change the conclusion the Court reached when adopting the D.E. 16 M&R. *See* (D.E. 23, p. 13) (adopting findings and conclusions of D.E. 16 M&R); (D.E. 16, p. 68–72) (analyzing all six *Kingsley* factors in depth).[4] Accordingly, the Court **OVERRULES** the objection to the M&R's conclusion that Plaintiff's appeal on his excessive force claim is not in good faith.

**F. Denial of Motion for Leave to File Amended Complaint**

Plaintiff moved for leave to amend his complaint, (D.E. 20), and this Court denied that motion. (D.E. 23, p. 12–13). Plaintiff's appeal of this denial of leave to amend would not be taken

---

[3] *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015)

[4] The Court takes as true Plaintiff's factual assertion that he was "unable to walk or stand up . . . ." (D.E. 38, p. 7). Plaintiff's medical condition when arriving to the hospital arguably supports a different analysis of the first *Kingsley* factor: Plaintiff did not follow Deputy Matthew's order because he could not. Even so, the Court finds the balance of the remaining factors still indicates that Plaintiff's appeal on his excessive force claim is not in good faith.

in good faith because the proposed issue for appeal lacks arguable basis. *See Howard*, 707 F.2d at 220. As this Court's previous order noted, Plaintiff has received ample opportunity to plead his best case, and amendment would be futile and cause unnecessary delay. (D.E. 23, p. 12). This proposed issue for appeal lacks an arguable basis. As such, Plaintiff's objection to the M&R's recommendation on this issue is **OVERRULED.**

**G. Denial of Motion to Appoint Counsel**

Finally, Plaintiff objects to the M&R's conclusion that appeal of the order denying appointment of counsel is not in good faith. (D.E. 38, p. 8–9). Plaintiff previously moved the Court to appoint an attorney to help him develop the factual record, amend his complaint, and present arguments in this case. (D.E. 21, p. 1). The Court denied his motion without prejudice, reasoning that "Plaintiff has stated his claims comprehensively, explaining his allegations with specificity and frequently citing to case law to plead his case . . . demonstrat[ing] that he is more than capable of continuing to proceed *pro se*[.]" (D.E. 22, p. 4). Plaintiff moved the Court to reconsider its denial of his motion, arguing that extraordinary circumstances warranted appointment of counsel. (D.E. 26, p. 3). Plaintiff argues that the Court misapplied the factors in *Ulmer v. Chancelor*, 691 F.2d 209, 212 (5th Cir. 1982). (D.E. 38, p. 9). The Court has already considered and rejected this argument. (D.E. 34, p. 2). Plaintiff's proposed appellate issue regarding the denial of his motion to appoint counsel lacks arguable merit, and the M&R did not err in concluding same. So, the Court **OVERRULES** Plaintiff's objection.

**IV. Conclusion**

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections,

(D.E. 38), **ADOPTS** the findings and conclusions of the M&R, (D.E. 33), and **DENIES** Plaintiff's application to proceed IFP on appeal, (D.E. 28). A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
December 18th, 2024